******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# MARIANNA GRZESZCZYK *v.* CONNECTICUT STATE EMPLOYEES RETIREMENT COMMISSION
## (AC 44281)

Bright, C. J., and Elgo and Eveleigh, Js.

### *Syllabus*

Pursuant to statute (§ 7-439g (a)), no retirement option of a member of the municipal employees retirement fund shall be effective until the member has retired, and, in the event the member dies prior to the effective date of commencement of benefits, any election of an option shall be deemed cancelled.

Pursuant further to statute (§ 7-440 (h)), if a member of the municipal employees retirement fund who has elected a retirement option but who has not completed the age and service requirements for retirement dies, his contributions to the fund shall be paid to the beneficiary named by the member.

The plaintiff, whose nephew, E, had been a municipal employee of the city of New Britain and who contributed to the municipal employees retirement fund, sought, after E's death, to have the defendant Connecticut State Employees Retirement Commission pay her a refund of the retirement contributions E made to the fund. E initially had submitted Form CO-931 designating his brother, J, as the beneficiary of any retirement benefits. E subsequently left municipal employment before attaining the retirement age of fifty-five. More than one year later, he applied for an early retirement benefit, which was administratively denied. In connection with his application for the early retirement benefit, E filed Form CO-1203, designating the plaintiff to receive any refund, if applicable, of his retirement contributions. Following E's death before his fifty-fifth birthday, the defendant paid a refund of his contributions to J, pursuant to E's Form CO-931. The plaintiff thereafter filed an application to receive a refund, which the defendant denied. The plaintiff subsequently sought a declaratory ruling from the defendant regarding the application and interpretation of § 7-440 (h) and requested that she be deemed E's beneficiary and receive a refund of his contributions. Following the defendant's issuance of a declaratory ruling finding that E's Form CO-1203 was invalid pursuant to § 7-439g (a), because E, who had not reached the age and service requirements for retirement, was not retired, and, thus, that the contributions properly had been refunded to J, the plaintiff appealed to the trial court, which rendered judgment dismissing the appeal. On the plaintiff's appeal to this court, *held* that the trial court did not err in determining that there was substantial evidence in the record to support the commission's ruling and that the ruling was supported by the forms used and by the applicable statutes: E's designation of the plaintiff on Form CO-1203 as his beneficiary was cancelled pursuant to the mandate of § 7-439g (a), thus, he did not effectively change his beneficiary from his earlier election of J; moreover, as E's election of the plaintiff as his beneficiary pursuant to Form CO-1203 would have become effective only on his retirement, and E died before he retired, the benefits the plaintiff might have received never became effective and the designation of the plaintiff as beneficiary never became effective; furthermore, E's use of Form CO-1203 did not reflect his clear intent to change his beneficiary, and a letter to the plaintiff from the defendant's employee expressing her belief that E intended to change his beneficiary was merely the employee's opinion and not a finding as to E's intent, as the language on Form CO-1203 indicated only that E intended to designate the plaintiff as his beneficiary in connection with his election of a specific retirement option that never became effective, rather than change his beneficiary for all purposes.

Argued October 7—officially released December 14, 2021

### *Procedural History*

Appeal from the decision of the defendant denying

the plaintiff's claim for a refund of certain retirement benefits, and for other relief, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Cordani, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*Russell D. Zimberlin*, with whom was *Winona Zimberlin*, for the appellant (plaintiff).

*Cindy M. Cieslak*, with whom, on the brief, was *Michael J. Rose*, for the appellee (defendant).

*Opinion*

BRIGHT, C. J. The plaintiff, Marianna Grzeszczyk, appeals from the judgment of the trial court dismissing her administrative appeal from the declaratory ruling issued by the defendant, the Connecticut State Employees Retirement Commission (commission),[1] denying the plaintiff's request for a refund of the retirement contributions made by her nephew, Edward Panus (Edward). The plaintiff claims that the court improperly determined that Edward designated his brother, John Panus (John), as the beneficiary who was entitled to receive a refund of Edward's retirement contributions. We affirm the judgment of the court.

The following facts, as found by the commission, and procedural history are relevant to our resolution of the plaintiff's claim. On February 5, 1985, Edward was hired by the city of New Britain (city), and he contributed to the Connecticut Municipal Employees Retirement System (retirement system) administered by the commission. On April 7, 1986, Edward submitted Form CO-931, titled "Designation of Retirement System-Tier-Plan-Beneficiary," designating John as his beneficiary. The form's certification provides: "I hereby revoke all previous appointments of beneficiaries made by me, if any, and designate the person(s) named above as beneficiary(ies) . . . to receive upon my death any and all sums due me from the [r]etirement [s]ystem of which I am a member. This designation shall remain in effect unless I subsequently change it by written notice to the State Retirement Division."

In January, 2000, before attaining the retirement age of fifty-five years old, Edward stopped working for the city. On June 12, 2014, he applied "for an early retirement benefit pending a decision on his nonservice connected disability retirement application. . . . However, [his] application was administratively denied given that it was filed more than twelve months following the date his employment terminated." On June 19, 2014, in connection with his application for an early retirement, Edward submitted Form CO-1203, titled "Income Payment Election Form," electing to receive a reduced monthly benefit for his lifetime with payments guaranteed for twenty years from his date of retirement. The form includes the following explanation of the election: "If you should die within . . . [twenty] years . . . from your date of retirement, the remaining payments will be made to your contingent annuitant(s). Because this is a period certain option, if your annuitant dies before you, you may choose a new designated annuitant if you provide [the retirement system] with a certified copy of the death certificate. If you die before your annuitant and your annuitant dies before the expiration of the selected period, the commuted value of the remaining guaranteed payments shall be paid in one lump sum to the annuitant's estate." Despite his elec-

tion, Edward did not designate a contingent annuitant in part II of the form, which explicitly calls for the "Designation of Contingent Annuitant." In part IV of the form, titled "Designation of Beneficiary to Receive Refund if Applicable," Edward did list the plaintiff as the "[b]eneficiary designated to receive remaining contributions and interest (if any) *after* the deaths of member and annuitant." (Emphasis in original.)

On October 22, 2015, before his fifty-fifth birthday, Edward died. The commission subsequently refunded $23,619.57, representing Edward's contributions to the retirement system and interest accumulated thereon, to John, pursuant to the Form CO-931 Edward completed in 1986. Nevertheless, in a December 8, 2017 letter to the plaintiff, Kimberly McAdam, a coordinator for the retirement system, stated: "[Edward] was scheduled to start receiving retirement benefits as of his [fifty-fifth] birthday . . . . When his records were reviewed, we discovered that he passed away . . . . [Edward] had chosen you to be his beneficiary in the event of his death. Consequently, you are entitled to receive a refund of his employee contributions and interest. I have enclosed an application for you to complete so that you may receive this refund."

The plaintiff submitted the completed application for a refund in December, 2017. In a June 7, 2018 letter, however, McAdam stated: "I did not realize that you had already received the refund, which is handled by a different staff member. I apologize for the error." Thereafter, in a June 20, 2018 letter, after realizing that a refund had previously been paid to John, McAdam denied the plaintiff's request for a refund, explaining that Edward's Form CO-1203 was not valid and that, as a result, the retirement system properly refunded Edward's retirement contributions and interest to John on December 31, 2015, in accordance with Edward's designation on the Form CO-931 Edward completed when he joined the retirement system in 1986. At the end of the letter, McAdam stated that "[i]t's an unfortunate situation. I believe that your nephew intended for you to be the beneficiary, but he did not take the appropriate steps to make that change."

On April 5, 2019, the plaintiff filed a petition with the commission seeking a declaratory ruling regarding the application and interpretation of General Statutes § 7-440 (h).[2] The plaintiff requested that she be deemed Edward's intended beneficiary and receive a refund of his retirement contributions. On September 19, 2019, the commission issued its ruling finding that John was the individual entitled to a refund of Edward's retirement contributions and, therefore, denied the plaintiff's requests. The commission explained that "[Edward] had completed Form CO-1203 electing an optional form of payment, but he did not complete the age and service requirements for retirement because he had not reached

age [fifty-five]. [General Statutes §] 7-439g (a) provides in [relevant] part: 'No option shall be effective until a member has retired, and in the event a member dies prior to the effective date of commencement of benefits, any election of an option shall be deemed cancelled . . . .' Accordingly, because [Edward] was not retired because he had not reached the age and service requirements, the election made on his [Form CO-1203] was not . . . valid, and the contributions were properly refunded to the beneficiary he designated on his Form CO-931, John Panus, which remained a valid beneficiary designation.

"Indeed, [Edward] elected a [twenty year] certain retirement benefit, and his Form CO-1203 identified [the plaintiff] as the beneficiary in [p]art IV. However, as indicated on the Form CO-1203, the beneficiary named in [p]art IV of this form is entitled to receive remaining contributions and interest (if any) *after the deaths of the member and the annuitant following retirement.* Here, [Edward] was not retired as his disability retirement application had been administratively denied." (Emphasis added; footnote omitted.)

On October 29, 2019, pursuant to General Statutes § 4-183 (a),[3] the plaintiff appealed to the Superior Court. On September 4, 2020, the court issued a memorandum of decision dismissing the administrative appeal. The court concluded that the commission's ruling was supported by substantial evidence in the record and was consistent with both the forms used and the applicable statutes. The court reasoned: "The Form CO-931 completed and filed by [Edward] on April 7, 1986, established his brother, [John] as the beneficiary generally of [his] retirement account. The designation of [John] as the beneficiary using this form was not tied to any particular retirement election or benefit. In contrast, the Form CO-1203 completed and filed by [Edward] on June 19, 2014, elected a particular retirement benefit, a twenty year certain benefit, and established the plaintiff as beneficiary *in connection with the elected benefit.* Thus under § 7-439g (a), because [Edward] died before the elected benefit commenced, both the election and the beneficiary appointment connected to the election were cancelled. In contrast, the beneficiary named in Form CO-931 was not connected to any particular benefit election and thus remained in place." (Emphasis in original.) This appeal followed.

We begin with the applicable standard of review. "[R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions

of fact. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . It is well settled [however] that we do not defer to the board's construction of a statute—a question of law—when . . . the [provisions] at issue previously ha[v]e not been subjected to judicial scrutiny or when the board's interpretation has not been time tested." (Internal quotation marks omitted.) *Dept. of Public Safety* v. *Board of Labor Relations*, 296 Conn. 594, 598–99, 996 A.2d 729 (2010).

In the present case, neither § 7-439g nor § 7-440 (h) has been subject to judicial review, and the commission has not claimed that its interpretation of the statutes is time tested. Accordingly, to the extent that we are required to interpret the applicable statutes, our review is plenary. See *Commissioner of Public Safety* v. *Board of Firearms Permit Examiners*, 129 Conn. App. 414, 420, 21 A.3d 847, cert. denied, 302 Conn. 918, 27 A.3d 369 (2011).

On appeal, the plaintiff claims that the court erred in affirming the commission's ruling that John is entitled to the refund of Edward's retirement contributions under § 7-440 (h). She contends that Edward "complied with the plain language on the forms" and properly changed his beneficiary designation to the plaintiff by filing Form CO-1203. The commission responds that the denial of the plaintiff's request for a refund of retirement contributions was consistent with §§ 7-439g and 7-440 (h). We agree with the commission.

We begin with the relevant statutes. Section 7-439g (a) provides in relevant part that a member "may elect one of the following optional forms for retirement income by filing with the Retirement Commission a written election on a form provided by the commission. . . . No option shall be effective until a member has retired, and in the event a member dies prior to the effective date of commencement of benefits, any election of an option shall be deemed cancelled except as provided in subsection (d) of this section. . . ."[4]

Under § 7-440 (h), if a member who has elected a retirement option but has not completed the age and service requirements for retirement dies, "his contributions to the fund plus such five per cent interest, if any . . . shall be paid from the fund on the order of the Retirement Commission to the beneficiary or beneficiaries, if any, named by such member."

In the present case, Edward initially filed a Form CO-931 designating John as his beneficiary. It is undisputed that, in the absence of an effective change of this designation, John was entitled to receive a refund of Edward's contributions to the retirement system and

interest thereon if Edward died before retiring. Thereafter, in connection with his application for early retirement, Edward filed a Form CO-1203 electing an option for his retirement income and designating the plaintiff as the beneficiary under that option, to receive remaining contributions and interest (if any) after his death and the death of his contingent annuitant. Because Edward died before reaching the required age for retirement, however, that option never became effective and was deemed cancelled under § 7-439g. The issue, then, is whether Edward's designation of the plaintiff as his beneficiary on his Form CO-1203, despite the statutorily mandated cancellation of the option he requested on that form, was an effective change of his beneficiary to receive a refund of his retirement system contributions and the interest thereon. We conclude that it was not.

Although each form allows a member to designate a beneficiary, the forms are not interchangeable. Form CO-931 specifies that the member is designating a beneficiary "to receive . . . any and all sums due [to the member] from the Retirement System . . . ." The form's certification provides that the member "hereby revoke[s] all previous appointments of beneficiaries made by me, if any, and designate[s] the person(s) named above as beneficiary(ies) . . . to receive upon my death any and all sums due me from the Retirement System of which I am a member. This designation shall remain in effect unless I subsequently change it by written notice to the State Retirement Division."

In contrast, Form CO-1203 concerns a member's retirement income options and specifies that the member is designating a beneficiary "to receive remaining contributions and interest (if any) *after* the deaths of member and annuitant." (Emphasis in original.) Significantly, the form's certification does not reference the designation of a beneficiary or the revocation of any prior designations. Instead, it provides: "I understand that my signature on this form means that I will retire with Option C in force and effect unless I make a contrary option election prior to retirement. I acknowledge that prior to signing this election, I had opportunity to ask questions and obtain additional information from [the retirement system] staff with regard to the effect of such an election on my monthly payment. I understand that I must inform [the retirement system] if I receive a social security disability award prior to the age of 62. *I further understand that no change in this income payment election can be made after my retirement for any reason, that is, I can never change this payment election and choose another payment option.*" (Emphasis in original.) In addition, § 7-439g (a) makes clear that the election made on Form CO-1203 does not become effective until the member has retired and, "in the event a member dies prior to the effective date of commencement of benefits, any election of an option

shall be deemed cancelled . . . ."

The differences between these forms are readily apparent. The designation of a beneficiary on Form CO-931 is unrelated to a member's choice of a retirement option, whereas the designation of a beneficiary on Form CO-1203 is attendant to the member's election of a retirement income option. Indeed, the designation of a beneficiary on Form CO-1203 is secondary to the member's designation of a contingent annuitant who would receive any remaining payments if the member dies after retiring and receiving benefits under the option selected. Moreover, although Form CO-931's certification unequivocally states that the member is revoking all previous appointments of beneficiaries, Form CO-1203's certification does not refer to the beneficiary designation in part IV or to any prior appointments of beneficiaries.

Despite these differences in the forms used by Edward, and the clear statement in § 7-439g that any election of an option is deemed cancelled if the member dies before receiving retirement benefits, the plaintiff argues that "[t]he explicit terms of [Form CO-1203 state] that this form is used to identify a beneficiary to receive . . . remaining contributions, not survivor benefits." (Internal quotation marks omitted.) The plaintiff, however, omits a significant portion of the statement in part IV of Form CO-1203, which further specifies that the beneficiary is entitled to receive "remaining contributions plus interest (if any) *after the deaths of member and annuitant*." (Emphasis altered.) An annuitant is "a beneficiary of an annuity." Merriam-Webster's Collegiate Dictionary (11th Ed. 2014) p. 50. As such, one does not become an annuitant until the annuity exists. Pursuant to Form CO-1203, the option Edward chose would become effective only on his retirement and, accordingly, the annuity would come into existence only on his retirement. That the contingent annuitant's interest arises only after a member's retirement is confirmed by the general information and instructions portion of Form CO-1203, which provides: "If you should die within . . . 20 years (240 payments) *from your date of retirement*, the remaining payments will be made to your contingent annuitant(s)." (Emphasis added.) Consequently, when Edward died before retiring, the annuity option he chose never became effective, and the benefits identified in Form CO-1203, including those benefits the plaintiff as his designated beneficiary might have received, never materialized. Thus, it simply was not possible for the designation of the plaintiff as the beneficiary to receive any remaining contributions to ever take effect. This fact coupled with the language used in Form CO-1203 reinforces that the form is used for the sole purpose of electing a retirement income option that will become effective on the member's retirement, which never occurred in the present case.

The plaintiff also claims that this court should adopt a standard of substantial rather than strict compliance with the requirements for changing a beneficiary and should conclude that Edward substantially complied with those requirements by filing his Form CO-1203. She cites several cases involving the designation of a beneficiary in a life insurance policy in which courts have applied the substantial compliance doctrine to determine whether the insured had made a valid change of the beneficiary despite the failure to comply strictly with the policy. See, e.g., *Engelman* v. *Connecticut General Life Ins. Co.*, 240 Conn. 287, 298, 690 A.2d 882 (1997) ("under the substantial compliance doctrine . . . the owner of a life insurance policy will have effectively changed the beneficiary if the following is proven: (1) the owner clearly intended to change the beneficiary and to designate the new beneficiary; *and* (2) the owner has taken substantial affirmative action to effectuate the change in the beneficiary" (emphasis in original)).

The plaintiff's argument misses the point. Section 7-440 (h) does not require that any particular form must be used for a participant in the retirement system to designate a beneficiary to receive a refund of his contributions on his death. In fact, counsel for the commission conceded at oral argument before this court that no particular form is required to change a beneficiary and that, had Edward submitted a letter to the commission expressing his intent to change his beneficiary, the commission would have honored that request. Thus, the issue is not whether Edward substantially complied with the statute by using Form CO-1203 instead of Form CO-931 to revoke his earlier designation of John as his beneficiary. The issue is whether Edward's use of Form CO-1203 reflected his clear intent to revoke his earlier designation. For the reasons previously stated in this opinion, we conclude that it did not.

The plaintiff claims that "the only evidence in the record regarding intent is McAdam and Comptroller [Kevin] Lembo's finding that Edward did intend that [the plaintiff] be his beneficiary and the plain language on the form." First, McAdam's statement in a letter expressing her belief that Edward intended to designate the plaintiff as his beneficiary is not a finding as to Edward's intent, rather, it is simply McAdam's opinion. Second, the plain language of the form does not support the plaintiff's position. The designation of the plaintiff on Form CO-1203 was tied to Edward's election of a retirement benefit that never occurred because Edward died before he retired. Consequently, the designation of a beneficiary on Form CO-1203, particularly one that was not fully completed, forecloses a finding that Edward "clearly intended to change [his] beneficiary and to designate the new beneficiary" by submitting Form CO-1203. *Engelman* v. *Connecticut General Life Ins. Co.*, supra, 240 Conn. 298. In other words, there

is no language in Edward's Form CO-1203 that would indicate that he intended to change his beneficiary for all purposes rather than to designate a beneficiary in connection with his election of a specific retirement income option that never became effective.

In sum, Edward never satisfied the age and service requirements for retirement, and, thus, his election on Form CO-1203 never became effective. See General Statutes § 7-439g (a). Because that option never became effective, Edward's designation of the plaintiff as his beneficiary under that option also never became effective. Accordingly, we conclude that the commission's ruling is supported by substantial evidence in the record and is consistent with the applicable statutes.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that the trial case caption misidentifies the defendant as "State of Connecticut Employee Retirement Commission." Under General Statutes § 5-155a (a), "[t]he general administration and responsibility for the proper operation of the state employees retirement system is vested in a single board of trustees to be known as the *Connecticut State Employees Retirement Commission*." (Emphasis added.)

[2] General Statutes § 7-440 (h) provides in relevant part: "In case of the death of a member before retirement, who has not elected a retirement income option in accordance with the provisions of this part or who has made such election but has not completed the age and service requirements that would permit him to retire on his own application . . . his contributions to the fund plus such five per cent interest, if any . . . shall be paid from the fund on the order of the Retirement Commission to the beneficiary or beneficiaries, if any, named by such member. . . ."

[3] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[4] Subsection (d) does not apply in the present case because Edward died before completing the age and service requirements for retirement. See General Statutes § 7-439g (d) ("[I]f a member *who has completed the age and service requirements for retirement* . . . and who has elected to receive his retirement benefits under subdivision (2) or (3) of subsection (a) of this section, dies prior to the effective date of commencement of benefits but within ninety days after he first elects to receive his retirement benefits under subdivision (2) or (3) of said subsection (a), then his beneficiary or contingent annuitant shall receive an income in an amount equal to the benefit that would have been payable to the survivor had the member retired the day he died and had his benefit been paid under the option he had elected at the time of his death. This subsection shall not apply after ninety days after the date the member first elects to receive his benefit under subdivision (2) or (3) of subsection (a) of this section. . . ." (Emphasis added.))